UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY ARLAN FLETT,<br><br>                      Petitioner,<br><br>   v.<br><br>MAGGIE MILLER-STOUT,<br><br>                      Respondent. | NO: 2:14-CV-0104 JPH<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION |

BEFORE THE COURT is a Report and Recommendation by Magistrate Judge Hutton to dismiss Petitioner's habeas petition as untimely and because Petitioner is not entitled to the relief he seeks (ECF No. 5). The Court has considered Petitioner's timely Objections (ECF No. 6). Petitioner, a prisoner at the Airway Heights Corrections Center, is proceeding *pro se* and has paid the full $5.00 filing fee for this action; Respondent has not been served.

Petitioner objects to the finding that his habeas petition is time-barred under 28 U.S.C. § 2244(d). In his petition, Petitioner challenges the imposition of

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING HABEAS PETITION -- 1

conditions to his term of Community Placement by the Department of Corrections. The state appellate courts found his Personal Restraint Petition challenging the imposition of these conditions to be meritless. The Washington State Supreme Court issued its decision on December 21, 2012. Mr. Flett's habeas corpus petition was not mailed to the Court until April 16, 2014 (ECF No. 1, Attachment #1).

Petitioner asserts that "the time which the pertinent claim was pending should not be counted toward any period of limitation under 28 U.S.C. 2244(d)." It is not clear from the submissions when the federal limitations period actually commenced for Petitioner under 28 U.S.C. § 2244(d)(1), following his re-sentencing in 2001. Even liberally assuming that the Personal Restraint Petition "tolled" the running of a federal limitations period, the limitations period would have resumed on December 21, 2012, when the Washington State Supreme Court denied review. "[I]t is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review." *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). Because Petitioner submitted his federal habeas petition 481 days after a tolled limitations period presumably resumed, the present petition is clearly untimely under 28 U.S.C. § 2244, absent equitable tolling.

Petitioner asserts that the law-library was "shut down for renovations" between January 2, 2013, and early April 2013, which allegedly impeded his

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING HABEAS PETITION -- 2

access to legal resources.  This would account for, at most, 98 days if the library remained closed through April 10, 2013.   Petitioner, however, indicates that this merely impeded his access to legal resources.  He does not claim that he was denied access altogether, or that he was unable to work on his federal habeas petition in his cell.

Petitioner also asserts that "a modified lock-down at the end of every month" impeded his efforts one day a month, requiring him to seek emergency access to the law library.  Assuming without deciding that this excused an additional 16 days Petitioner has presented no facts showing that he diligently pursued his rights between December 12, 2012, and April 16, 2013.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Therefore, Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d).

Petitioner's second objection is to the finding that he is not entitled to the relief he seeks.  Petitioner contends that he is entitled, under state law, to have his case remanded to the trial court to specify "the exact term of community placement and specify any special conditions of placement."  *See State v. Ramos*, 171 Wash.2d 46, 48, 246 P.3d 811 (2011).

Petitioner, however, admits that the trial court did specify his term of community placement as 24 months.  He does not assert any "special conditions of placement" likely to be imposed.  Petitioner is serving a 480 month sentence based

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING HABEAS PETITION -- 3

on his 1996 convictions.  He does not allege that he has been denied release from incarceration because the DOC "corrected" what it viewed as errors of law in Petitioner's judgment and sentence.  *See Dress v. Washington State Dep't of Corr.*, 168 Wash. App. 319, 279 P.3d 875 (2012).

Petitioner objects to the Magistrate Judge referencing and relying on language contained in the Washington State Supreme Court decision denying his Personal Restraint Petition.  He avers that the Washington State Supreme Court misrepresented the facts and made incorrect statements.  To the extent Petitioner is asserting the DOC misread the judgment and sentence, the appellate courts of Washington State have disagreed.  Alleged errors of state law do not warrant federal habeas relief.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).

Therefore, for the reasons set forth above and by Magistrate Judge Hutton, **IT IS ORDERED** the Report and Recommendation (ECF No. 5) is **ADOPTED in its entirety** and the Petition (ECF No. 1) is **DISMISSED** as time-barred and because Petitioner is not entitled to the relief he seeks.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter **JUDGMENT** for Defendant, forward a copy to Petitioner at his last

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING HABEAS PETITION -- 4

known address, and **CLOSE** the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** June 30, 2014.

*Thomas O. Rice*
THOMAS O. RICE
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION -- 5